**FILED**

MAR 2 5 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ ,DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Shane Josiah Kiric ,

(Enter the full name of the plaintiff.)

**CIV-21-0259 JD**

v.

Case No. _____
(Court Clerk will insert case number)

(1) City of Duncan, OK ,

(2) United States Army ,

(3) City of Lawton, OK .

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.      You must type or legibly handwrite the Complaint, and you must answer all
questions concisely and in the proper space.  Where more space is needed to answer any
question, you may attach a separate sheet.

2.      You must provide a full name for each defendant and describe where that
defendant resides or can be located.

3.      You must send the original complaint and one copy to the Clerk of the District
Court.

4.      You must pay an initial fee of $400 (including a $350 filing fee and a $50
administrative fee).  The complaint will not be considered filed until the Clerk receives
the $400 fee or you are granted permission to proceed *in forma pauperis*.

5.      If you cannot prepay the $400 fee, you may request permission to proceed *in
forma pauperis* in accordance with the procedures set forth in the Court's form
application to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7.     The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.     If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I.     **Jurisdiction is asserted pursuant to:**

_____ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

_____ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

1) Diversity: Multistate Defendants/Federal Government Defendant

2) Wrongful Deaths

**II.    State whether you are a:**

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

✗ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

**III.    Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

    a. Parties to previous lawsuit:

    Plaintiff(s): _Shane Josiah Kirk_

    Defendant(s): _Mitchell Solomon et al_

    b. Court and docket number: _U.S. CIV-20-1242-SLP_

    c. Approximate date of filing: _DEC 2020_

    d. Issues raised: _Defendant rights, confinement abuse/torture, Corruption by Justice Officials_

    e. Disposition (for example:  Did you win?  Was the case dismissed?  Was summary judgment entered against you?  Is the case still pending?  Did you appeal?): _Ongoing._

    f. Approximate date of disposition: _Unknown_

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

**IV.   Parties to Current Lawsuit**

   State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

   1.   Plaintiff

   Name and any aliases: _See Attached_

   Address: _NA_

   Inmate No.: _____

   2.   Defendant No. 1

   Name and official position: _____

   _____

   Place of employment and/or residence: _N/A_

   _____

   How is this person sued? ( ) official capacity, ( ) individual capacity, ( ) both

   3.   Defendant No. 2

   Name and official position: _____

   _____

   Place of employment and/or residence: _N/A_

   _____

   How is this person sued? ( ) official capacity, ( ) individual capacity, ( ) both

   If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

## V.  Cause of Action

### Instructions

1. *Provide a short and plain statement of each claim.*

   - Describe the facts that are the basis for your claim.

   - You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.

   - Explain how you were hurt and the extent of your injuries.

2. *You are not required to cite case law.*

   - Describe the constitutional or statutory rights you believe the defendant(s) violated.

   - At this stage in the proceedings, you do not need to cite or discuss any case law.

3. *You are not required to attach exhibits.*

   - If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4. *Be aware of the requirement that you exhaust prison grievance procedures **before** filing your lawsuit.*

   - If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. *See* 42 U.S.C. § 1997e(a).

   - Every claim you raise must be exhausted in the appropriate manner.

5. *Be aware of any statute of limitations.*

   - If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

·6.    *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

<u>Claims</u>

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1.    **Claim 1:**

(1)    List the right that you believe was violated:

See Attached

(2)    List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

NA

Rev. 10/20/2015

(3)   List the supporting facts:



(4)   Relief requested:  (State briefly exactly what you want the court to do for you.)

2.   **Claim II:**

(1)   List the right that you believe was violated:

(2)   List the defendant(s) to this claim:  (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

(3)   List the supporting facts:

_N/A_

(4)   Relief requested:  (State briefly exactly what you want the court to do for you.)

_N/A_

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI.   Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_Plaintiff's signature_                                    23 MAR 2021
Plaintiff's signature                                      Date


I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _23rd_ day of _March_ , 20_21_.

_Plaintiff's signature_                                    23 MAR 2021
Plaintiff's signature                                      Date

Rev. 10/20/2015

# Section III: Previous Federal Actions

2) Plaintiff: Shane Josiah Kirk
Defendants: Stephens County, OK et al Defendants
Court/Docket: U.S. CIU-21-4-SLP
Date of Filing: January 2021
Issues: Confinement Conditions, Justice Apparatus Corruption, Civil
       Rights
Disposition: Ongoing.
Approximate Date: Unknown

3) Plaintiff: Shane Josiah Kirk
Defendants: State of Oklahoma and Jason Hicks
Court/Docket: U.S. CIU-21-164-J
Date of Filing: 26FEB2021
Issues: Habeas Corpus/Malicious Prosecution/Ineffective Counsel
Disposition: Ongoing
Approximate Date: Unknown

1)

Section IV: Parties

Shane Josiah Kirk

v

✳ All Sued in both Individual
and Official Capacity

1) City of Duncan, OK
A) Duncan Police Officer - Phone Report
   FNU-LNU   Badge # 217
   18 S. 7th Street
   Duncan, OK 73533
B) Duncan Police Officer - HQ
   FNU-LNU   Badge# Unknown
   18 S 7th Street
   Duncan, OK 73533
2) City of Lawton, OK
A) Lawton Police Officer
   FNU LNU Badge# Unknown
   315 S.W. 5th St
   Lawton, OK 73501
3) Trinidad, CO Police Department
A) Police Officer (Female Corporal)
   FNU-LNU Badge# Unknown
   160 E First Street
   Trinidad, CO 81082
4) Colorado Springs, CO Police Department
A) Office Phone-Answerer (Female)
   FNU-LNU/Status: Unknown
1)

# Section IV: Parties

4) Colorado Springs, CO Police Department (Continued)
A) 705 S Nevada Ave
   Colorado Springs, CO 80903

5) El Paso County, CO Sheriffs Department
A) Phone-Answerer (male)
   FNU-LNU Deputy
   27 East Vermijo Ave
   Colorado Springs, Co 80903

6) Fort Carson Provost Marshall (United States Army)
A) Officer in Charge (Circa NOV 2017)
   FNU-LNU Rank: Unknown
   7227 Osan Street
   BLDG 2757 Mod 1
   Fort Carson, CO 80913

7) Evans Army Community Hospital
A) Commanding Officer (Emergency Room) (Circa NOV 2017)
   FNU-LNU/Rank Unknown
   1650 Cochrane Circle
   Fort Carson, CO 80913

B) Case/Treating Provider
   FNU-LNU/Rank Unknown
   1650 Cochrane Circle
   Fort Carson, CO 80913

C) Case/Treating Nurse
   FNU-LNU/Rank Unknown
   1650 Cochrane Circle
   Fort Carson, CO 80913

2)

Section IV: Parties

8) Duncan Regional Hospital

A) Treating Provider MD (Deceased)
   FNU-LNU
   1407 N. Whisenhunt Dr
   Duncan, OK 73533

B) Treating Nurse
   FNU-LNU
   1407 N. Whisenhunt Dr
   Duncan, OK 73533

C) Security Guard (Male)
   FNU-LNU
   1407 N. Whisenhunt Dr
   Duncan, OK 73533

D) Licensed Clinical Social Worker (Female)
   FNU-LNU
   1407 N. Whisenhunt Dr
   Duncan, OK 73533

9) Sonic Burger Corporation
   300 Johnny Bench DR        A) Online Complaint Response Official
   Oklahoma City, OK 73104       FNU-LNU

10) Veterans Administration
A) VA Crisis Line Operator FNU-LNU
   810 Vermont Ave NW
   Washington DC, 20420

3)

Section II: Cause of Action

Claim 1: Deriliction of Duty/Wrongful Death
Defendants: City of Lawton, OK; Lawton Police Officer FNU-LNU
Supporting Facts: On the day before Thanksgiving 2017 I contacted the Joint Police Force for Lawton and Fort Sill, OK. I specifically asked to speak to the duty officer. When he was on the line I reported to him that I was being poisoned by Viridian Coffee Shop in Duncan, OK and that I was warning him because:

    1) Viridian had a location in Lawton

    2) I believed Viridian was a cover-operation by rogue elements of the U.S. Government and Control Apparatus to target loyal Veterans sworn to uphold, support and defend the Constitution. Since Lawton has thousands of Soldiers in it, I felt obligated to warn them.

The Officer on the phone took my report, advised me to go to the hospital/to keep any evidence I had of the poison. I never heard from him again. It is clear that my claims were either deadly serious or machinations of delirious/psychotic thinking. The officer should have planned and followed through with a check-in with me within hours to ensure the safety of me and those around me. His inaction was the first in a series of the same that left me to my own fears for 168 hours ultimately ending in the deaths of my wife and stepfather and 1st Degree Murder Charges for me.

1)

# Section I: Cause of Action

Relief Requested: Lawton, OK: $21,000,000.00
                  Officer: $210,000.00


Claim 2: Derilliction of Duty/Wrongful Death
Defendants: City of Duncan, OK; Duncan PD Officer-Phone Report (Badge # 217); Duncan PD Officer-HQ FNU-LNU (Badge # Unkn).
Supporting Facts: On the day before Thanksgiving, and after my report to Lawton, OK PD (Claim 1), I received a phone call from a restricted number. The male caller identified himself as a Duncan Police Officer and opined he was aware of my report to Lawton PD. He asked me a series of questions to which I replied in the military invective of "Check" (meaning yes) and "negative" (meaning no). He confirmed my fears of being poisoned. I ended the call by asking for his badge number which he supplied (217). He never followed up with me as he should have. The next day (Thanksgiving) my mother (Mona Newman) took a bag of coffee grounds, at my direction, to Duncan PD HQ. She asked Duncan Police Officer-HQ (FNU-LNU/Badge # Unknown) to test the grounds for the presence of "poison: illicit drugs (cocaine/pcp. He tested it (away from her presence) for only cocaine. He reported to her it was negative. However, he was informed of my Veteran Status, my PTSD diagnosis and my fears of being poisoned. He never followed up or made waves with his superiors to take the situation seriously. Duncan PD had two

2)

Section I: Cause of Action

seperate contacts with my family within 24 hours regarding either a deadly serious issue of poisoning (An emergency) or a dangerous situation (deadly) of a combat experienced Veteran with PTSD fearing for his life/exhibiting signs of psychotic beliefs. For 168 hours Duncan PD did nothing substantial to mitigate either of the two possibilities. They did not follow up with me. They did not attempt an in person interview. However, when the owner of Viridian Coffee Shop added me as a friend on Facebook two things happened:

1) It convinced me that Duncan PD did not work for me as the complaint initiator. On the contrary they had informed the owner of the very shop I believed was poisoning me. Duncan PD became, by proxy, my enemy. This is evidenced when on the day of my arrest, after calling 911, I specifically informed them of the deaths of my wife and stepfather... and I specifically asked for them to "send a Sheriff"

2) It shot my fear skyhigh as it appeared even the local PD was involved or complicit in poisoning me. It effectively gave me the mindset of the military emergency code "Broken Arrow." I was surrounded and in danger of being overrun.

Because they did not take effective definitive action to mitigate an obvious emergency, and because their

3)

# Section I: Cause of Action

local political motives causing loyalty to my alleged aggressor caused the situation to further devolve, Duncan, PD directly contributed to the deaths of my wife Jessica Kirk and my Stepfather Dennis Duncan. Because they know this, they have used their status as the investigating agency to railroad me into a death penalty trial.

Relief Requested: City of Duncan, OK: $ 51,000,000.00; Police Officer - Phone Report: $ 210,000.00; Police Officer - HQ: $ 210,000.00.

Claim 3: Dereliction of Duty / Wrongful Death

Defendants: Trinidad, CO Police Department; Police Officer (Female Corporal)

Supporting Facts: On Thanksgiving day, as I was fleeing Duncan, OK, I made an unplanned stop in Trinidad, CO to specifically make contact with a Police Department that no one could pre-emptively influence. As I pulled into the Parking lot I made contact with a female Corporal who was on foot. I told her of my fears of being poisoned and that I had a bag of coffee I would like the Police Department to test. She verbalized (paraphrasing) "Yes. We will test it. But we have a call we all have to go to first." Then she and the balance of Police left me in the parking lot. It must be made clear that to this date I am unsure if I may have been poisoned (or the source of any poison) or if my fears were purely

4)

# Section II: Cause of Action

delusional. But what is clear is that I was physically sick at the time. That being said, as I waited for the female Corporal's return, my physical constitution devolved and I was forced to leave intending on rest at Colorado Springs, CO. My nausea, dizziness, pain, and delirium were overwhelming. Upon exiting Trinidad, CO I purchased a small amount of legal Marijuana to ease my symptoms and stopped on the side of the freeway to utilize some (outside my vehicle). At that point I could no longer drive and my wife took over for the remainder of the drive. Upon reviewing my discovery evidence I learned that the "All-hands" call the Police were responding to was actually a Vagrant complaint by the proprietor of the Masonic Lodge in town. The Trinidad Police Department gave unwarranted preference to Political Powerhouse and PD benefactor... The Freemasons. The same Freemasons who placed a plaque on the Trinidad Police HQ after they built it. The female Corporal should have weighed the seriousness of my claim and stayed behind or assigned another Officer to. She even could have assessed the situation at the Lodge quickly and dispatched an Officer back to me. Being Poisoned is an Emergency. Trinidad PD's inaction allowed a dangerous situation to spread to other communities and it endangered others eventually and directly contributing to the Deaths of Jessica Kirk and

5)

# Section II: Cause of Action

Dennis Duncan because they pushed their responsibility onto other Law Enforcement Agencies and eventually, through their inaction, onto me. People who fear for their lives contact Police. Trinidad PD let a mentally Deminished Combat-Veteran roam the streets of 3 states looking for help. All to detain a few guys resting on the sidewalk.

Relief Requested: Trinidad PD: $ 21,000,000.00
  Police Officer (Female Corporal) FNU-LNU: $ 210,000.00

Claim 4: Deriliction of Duty/Wrongful Death
Defendants: Colorado Springs, CO Police Department; Office Phone - Answerer (Female) FNU-LNU
Supporting Facts: On Thanksgiving Day 2017 while en route to Colorado Springs, CO I called their Police Department to inform them that I was fleeing Oklahoma because I was being poisoned. In response to her exasperation I pointed out my then belief (which turned out to be true) that Duncan PD doesn't work for the little people... they work for Halliburton and its rich citizens. This appeared to turn her opinion and she directed me to visit a hospital after I relayed my fears of being poisoned. Though she directed me to call them. When I reached the hospital, she made no definitive plan of action to make physical contact with me to ascertain a true understanding of the situation involving an individual entering their jurisdiction with life and death fears.

6)

# Section V: Cause of Action

Colorado Springs PD never followed up with me as I spent three days in their city. It was during this time that my symptoms of illness were most severe and, at one point, I deliriously asked my wife what was safe to drink. It was also during this time that I began to suspect my wife as a culprit. A mentally deminished assertion made in a delirious state that found itself as belief on 29NOV2017... The day of my wife's death. Colorado Springs PD allowed the situation to further devolve with no follow-up. Because they allowed me to drift further into psychosis they directly contributed to the Deaths of my Wife Jessica Kirk and my Stepfather Dennis Duncan.

Relief Requested: Colorado Springs PD: $21,000,000.00;
Office Phone-Answerer (Female) FNU-LNU: $210,000.00

Claim 5: Deriliction of Duty/Wrongful Death

Defendants: El Paso County, CO Sheriffs Department; Phone-Answerer (male) Deputy FNU-LNU.

Supporting Facts: On or about Thanksgiving Day 2017 I contacted Canyon County Sheriffs by phone. For reasons I don't recall I had to wait for a Deputy to call me back. When he did, I informed him of my poisoning fears and my flight from Oklahoma. Similarly, he directed me to Fort Carson Army Hospital (specifically) and to Fort Carson Provost Marshall. Just as with Colorado Springs PD, he fell

7)

# Section I: Cause of Action

into inaction and deferred his duty onto other entities. Because of this, I further became disillusioned with Law Enforcement and this contributed to the ultimate conclusion that I had to act on my own. Canyon County Sheriff's Department did not follow up with me to ensure my safety and allowed a Combat-Veteran fearing for his life to roam their jurisdiction for 3 days during which my belief coalesced and firmed that Dennis Duncan was a culprit in poisoning me. Their inaction directly contributed to the deaths of my wife Jessica/Girls and stepfather Dennis Duncan.

Relief Requested: El Paso County, CO Sheriff: $21,000,000.00; Phone-Answerer (male) Deputy FNU-LNU: $210,000.00

Claim 6: Dereliction of Duty/Medical Malpractice/Deliberate Indifference/ Wrongful Death

Defendants: United States Army; Officer In Charge (circa NOV 2017); Commanding Officer (Emergency Room)(circa NOV 2017); Case/Treating Provider; Case/Treating Nurse.

Supporting Facts: During the weekend directly after Thanksgiving 2017 I checked into Evans Army Hospital with the claim of being poisoned. It is informative to note that I had direct contact with the medical staff and specifically the Hospital Commander during my Medical Evaluation Board (MEB) in 2014/2015. My first medical retirement packet was assigned to Fort Carson medical staff. They

8)

# Section I: Cause of Action

denied my retirement (which was later overturned by Army Medical Department Director of MEB's) and upon appeal I was assigned an indifferent and I assert corrupt legal counselor. I captured her unethical behavior on audio recording and posted it to youtube subsequently emailing the links to the then Hospital Commander. During that time I learned that Fort Carson denied mental health retirement packets at an obscenely high rate. My clash with the lawyer and hospital commander was widely known on Fort Carson as I received abusive comments on my youtube account. I assert that when I checked in to Fort Carson Army Hospital the staff recognized my name and acted in indifferent animosity by giving me the minimum required treatment and even hiding their identities by facing their hospital name badges backwards over their uniform name-tapes. The Nurse gave me an IV. bag and when I asked for another, refused. When I informed the Provider I may be the victim of poisoning and sent my wife to the truck to get the bag of coffee for testing, they did not alert Law Enforcement or Behavioral Health Officers. Because of their indifferences, medical malpractice and dereliction of duty I was discharged within a few hours with the statement "Nothing more to do." These Army Officers and medical providers knew I was medically retired for

9)

# Section I: Cause of Action

"Mental health" reasons. They knew I was a combat-veteran. They knew from my online medical records I had a history of a diagnosis called Somataform. And they knew I was quitting a psychotropic drug. When my wife returned from the truck she said my backpack wasn't in there. Because I ALWAYS have my backpacks, this was the catalyst to including my wife as a culprit. Army Officers/Doctors had a clearly unstable and SICK medically-retired combat veteran in their care and against medical protocol rushed me out, back into the public. This led to my further believing that I was on my own and it directly led to the deaths of Jessica Kirk and Dennis Duncan.

Relief Requested: Secretary of the Army level investigation into the events surrounding my Hospital stay in 2017, any nexus of animosity stemming from my MEB in 2014/2015 and the implications of Dereliction of Duty/medical malpractice and their influence on the deaths of my wife and Stepfather. A commission set up to integrate military police/hospital signals of emergency with similar VA systems of emergency so linear emergency contacts are viewable by both. An Army Commission to study the creation of Psychotropic Drug Recovery Centers as a legitimate step in the treatment process.

(1)

# Section I: Cause of Action

Claim 7: Medical Malpractice / Deliberate Indifference / Wrongful Death

Defendants: Duncan Regional Hospital; Treating Provider MD (Deceased) FNU-LNU; Treating Nurse FNU-LNU; Security Guard (male) FNU-LNU; Licensed Clinical Social Worker (Female) FNU-LNU.

Supporting Facts: On the 29th of November I checked my son Gunner out of Kindergarten at Plato Elementary and checked him into Duncan Regional Hospital with the chief complaint of being poisoned. On the return trip from Colorado back to Duncan, OK my son displayed one instance of auditory hallucinations ("I heard the word evil in my ear") and one instance of possible memory hallucination of an event involving his school teacher that she flatly denied occurred. He also had the same physical symptoms of chills/fever and skin spots that I had in Colorado. I blamed my wife for poisoning him to cover up her poisoning me, as a way to implicate mental illness in order to have me committed. I reported this to Duncan Regional Staff. When my wife showed up at the Hospital I confronted her directly "I'm ashamed of you. You poisoned our boy." I then asked the Nurse for a chaperone to prevent conflict. The Security Guard arrived with the Licensed Clinical Social Worker and they proceeded to interview me and my wife seperately.

(11)

# Section V : Cause of Action

My wife, who had just informed me she called the VA and told them I was in psychosis, was interviewed first. She informed the Guard and LCSW that I was a Veteran with PTSD and was psychotic. She also specifically verbalized she didn't fear for her or the children at my hands. During my interview I reiterated the series of events and my fears/suspicions. Upon completion the LCSW verbalized, "Lets get you checked in." But I refused based on my belief in being poisoned and the accumulation of dejection from the above claims. The Treating Provider however conducted a simple urinalysis on my son and gave a diagnosis of exema and discharged him. Three medical staff and 1 Guard with Law Enforcement experience saw a grown man allege poisoning by his wife. And they all saw a grown woman describe her husband as a combat Veteran with PTSD in a psychosis. None of them contacted local law enforcement or attempted extended action to alleviate the danger to my family, myself or the community. Because they simply discharged my son it directly contributed to the final conclusion that I was alone in this danger and they directly contributed to the Deaths of Jessica Isiris and Dennis Duncan.

Relief Requested: Duncan Regional Hospital: $ 21,000,000.00

(12)

Section II: Cause of Action

Treating Provider MD (Deceased): $ 210,000.00
Treating Nurse FNU-LNU: $ 21,000.00
Security Guard (male) FNU-LNU: $ 210,000.00
Licensed Clinical Social Worker (Female); $ 210,000.00

Claim 8: Deliberate Indifference/Wrongful Death
Defendants: Veterans Administration (United States); VA
Crisis Line Operator FNU-LNU.
Supporting Facts: On the morning of 29 NOV 2017 as I
was checking my son Gunner into the hospital (Claim
7) my wife Jessica called the VA's Veteran Crisis
Line and told them I was in a psychosis. The further
details of the call are unknown to me except that
their response was "We can't do anything unless he
self-admits to a hospital." They made no phone call
to local law enforcement in order to get a wellness
check. They simply logged the info, finished the shift,
and went home. This inaction constitutes a deliberate
indifference to the safety of myself, my family and
the community at large and directly contributed to
the deaths of Jessica Kirk and Dennis Duncan.
Relief Requested: VA Director level investigation into
the true nature of the phone call and any violations
of VA Directives/SOP's and any correlation to any
contribution to the deaths. A VA cooperation/joint
endeavor with the U.S. Army relief requested. An

13)

# Section I: Cause of Action

Army/VA joint Commission on the Pros/Cons of Psychotropic drug use both during and after service and the viability of Psychotropic Drug Recovery Centers to help Veterans minimize prescriptions/improve quality of life safely.

Claim 9: Negligence/Wrongful Death
Defendants: Sonic Burger Corporation; Online Complaint Response Official FNU-LNU.
Supporting Facts: In the days leading up to my contact with Law Enforcement, I filed an online Complaint alleging a Sonic Burger employee (Duncan, OK) had poisoned my meal (circa NOV2017). After eating at Sonic Burger I experienced a severe panic attack and nausea that caused me to be bedridden for hours. I took Lorazepam to mitigate it and this caused us (my wife and I) to cancel a road trip. Sonic Burger Corporation never responded to me regarding my online Complaint and was the first instance of an entity destroying my faith in official processes. This first denial of a grievance compounded the above claims and directly contributed to the deaths of Jessica Kirk and Dennis Duncan.
Relief Requested: Sonic Burger Corporation: $21,000,000.00
Online Complaint Response Official FNU-LNU: $210,000.00


Nothing Follows.

Shane Kirk

14)